UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-20086-CR-BECERRA

UNITED STATES OF AMERICA,

Plaintiff,

v.

DANIEL DE LA ROSA-ROBLES,

Defendant.

______________________________________/

**REPORT AND RECOMMENDATION ON CHANGE OF PLEA**

This matter came before the Court following an Order of Reference to conduct a change of plea hearing for the Defendant, Daniel de la Rosa-Robles. ECF No. 115. The Court conducted a change of plea hearing on this date, November 3, 2026, and, for the following reasons, it is recommended that the Defendant's plea of guilty be accepted:

1. At the outset of the change of plea hearing, the Defendant was advised that this Court was conducting the change of plea hearing on an Order of Reference from the District Court. The Defendant was further advised of his right to have these proceedings conducted by Judge Becerra, the District Court Judge assigned to the case. The Court additionally advised the Defendant that Judge Becerra would be the judge sentencing the Defendant and would make all findings and rulings concerning the Defendant's sentence and would conduct a sentencing hearing at a time set by the District Court.

2. The Defendant was made aware that he did not have to permit the undersigned United States Magistrate Judge to conduct this hearing and could request that the change of plea hearing be conducted only by a United States District Judge. The Defendant, the Defendant's

attorney, and the Assistant United States Attorney appearing for the government all agreed on the record and consented to this Court conducting the change of plea hearing.

3. The Court conducted a plea colloquy in accordance with Rule 11 of the Federal Rules of Criminal Procedure.

4. The parties entered into a written plea agreement, which they had with them at the hearing and which was thereafter filed with the Court. ECF No. 133. The Court reviewed that plea agreement on the record, and the Defendant acknowledged that he read and understood the agreement, signed it, and agreed to its terms. The Defendant pled guilty to the crime of conspiracy to distribute a Schedule II controlled substance, specifically five (5) kilograms or more of cocaine, intending, knowing, and having reasonable cause to believe that it would be unlawfully imported into the United States, in violation of Title 21, United States Code, Sections 959(a), 963, and 960(b)(1)(B), as charged in Count 1 of the Indictment.

5. The parties also agreed to a written factual proffer, and that document was also with them at the hearing and was later filed with the Court. ECF No. 132. The Defendant said that he had read that factual proffer and agreed that it was accurate, and he confirmed that he signed the document. The government stated on the record a factual basis for the entry of the plea that included all the essential elements of the offense to which the Defendant is pleading guilty and any sentencing enhancements and/or aggravating factors that may be applicable. The Court reviewed the government's factual proffer with the Defendant to assure that a factual basis existed for the entry of the plea. The Defendant acknowledged his commission of the offense and confirmed the accuracy of the factual proffer presented by the government in open court.

6. The Court also advised the Defendant of the possible maximum penalties and the applicable mandatory minimum penalty, and the Defendant acknowledged that he understood

these possible penalties and the consequences of his guilty plea, including potential immigration and removal consequences.

7. Based upon all the foregoing and the plea colloquy conducted by this Court, this Court found that the Defendant was competent and capable of entering an informed plea, that he freely, knowingly, and voluntarily entered his guilty plea, and that the plea was supported by an independent basis in fact containing each of the essential elements of the offense. It is therefore recommended that the Defendant be found to have freely and voluntarily entered his guilty plea as more particularly described herein and that the Defendant be adjudicated guilty of the offense charged in Count 1 of the Indictment.

8. A pre-sentence investigation report is being prepared. The parties were also informed that Judge Becerra will set the sentencing hearing by separate Order.

ACCORDINGLY, this Court **RECOMMENDS** that the Defendant's plea of guilty be accepted; that the Defendant be adjudicated guilty as to the offense charged in Count 1 of the Indictment, to which he has entered his plea of guilty; and that a sentencing hearing be conducted for final disposition of this matter.

As discussed with the parties at the change of plea hearing and in accordance with the defense's request, the parties shall have **two (2) days, that is, until Thursday, November 5, 2026,** within which to file objections, if any, to this Report and Recommendation with the Honorable Jacqueline Becerra, United States District Judge. If a party chooses not to file objections, that party **MUST** file a Notice of Non-objection to the Report and Recommendation on Change of Plea within the deadline set forth above. Failure to file timely objections waives a party's right to review issues related to the Defendant's plea under Fed. R. Crim. P. 11 before the District Judge or the Court of Appeals (even under a plain error standard). *See* Fed. R. Crim. P. 59(b)(1), (2);

11th Cir. R. 3-1; 28 U.S.C. § 636(b)(1); *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Lewis,* 492 F.3d 1219, 1222 (11th Cir. 2007) (en banc).

RESPECTFULLY RECOMMENDED in Miami, Florida, this 3rd day of November 2026.

EDUARDO I. SANCHEZ
UNITED STATES MAGISTRATE JUDGE

cc: Hon. Jacqueline Becerra
Counsel of record